NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMMIE PERNELL OWENS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2025-1738

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-23-0188-I-1.

---

Decided:  February 10, 2026

---

TIMMIE PERNELL OWENS, Canton, MS, pro se.

TATE NATHAN WALKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI, BRETT SHUMATE.

---

Before LOURIE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Timmie Owens petitions for review of a final order of the Merit Systems Protection Board ("the Board"), which affirmed the Department of the Army's decision to remove Mr. Owens from his position with the agency. S.A. 40–41 ("*Final Order*") (adopting the initial decision, S.A. 1–39 ("*Initial Decision*"), as the Board's final decision).[1] For the following reasons, we *dismiss* Mr. Owens' appeal as untimely.

## BACKGROUND

Until his removal in January 2023, Mr. Owens was a Motor Vehicle Operator for the Operations Division, Rivers Operation Branch for the Department of the Army. *Initial Decision*, S.A. 1–2. Mr. Owens often reported purported employee and agency misconduct to his management, sometimes using an alias email address. *Id.* at 2. On two occasions, he disclosed information about a coworker, "Employee 1,"[2] to third parties, which ultimately resulted in his removal. *Id.*

First, in August 2022, Mr. Owens used his agency-issued laptop to send, from his alias email address, copies of a restricted investigation file pertaining to Employee 1 to U.S. Army Corps of Engineers officials and news outlets without Employee 1's consent. *Id.* at 4. The agency determined that this conduct violated security regulations and was therefore a basis for removal. *Id.* at 3–9. Second, in May 2019, Employee 1 was involved in a car crash resulting in a civilian's death; the agency determined that Mr.

---

[1] "S.A." refers to the supplemental appendix filed by the government.

[2] The Board and the parties use the name "Employee 1" to maintain the coworker's anonymity. We do the same.

Owens called the victim's father and told him that Employee 1 was responsible for his son's death. *Id.* at 13. The victim's father visited Employee 1 at his home and, though the interaction resulted in no violence, the agency feared that it could have. *Id.* at 13–14. The agency determined that Mr. Owens' conduct caused a hostile work environment and therefore constituted another basis for removal.[3] *Id.* at 12–18.

The Board sustained the two charges, then evaluated Mr. Owens' two proffered affirmative defenses: retaliation for protected whistleblowing and reprisal for protected Equal Employment Opportunity ("EEO") activity. Regarding whistleblower retaliation, the Board determined that Mr. Owens established that he engaged in protected whistleblower disclosures, one of which was a contributing factor in his removal, *id.* at 19–27, but that the agency showed that it would have removed Mr. Owens even if he had not made a protected disclosure, *id.* at 27–31. Regarding the EEO reprisal, the Board determined that Mr. Owens failed to show that any protected activity was a motivating factor in his removal. *Id.* at 31–33. The Board finally determined that the penalty of removal did not exceed the maximum limits of reasonableness and affirmed the agency's decision to remove Mr. Owens. *Id.* at 33–39.

Mr. Owens now petitions for review by this court, but the agency asks us to dismiss the appeal as untimely. Our jurisdiction is governed by 28 U.S.C. § 1295(a)(9).

---

[3] The agency also purported to remove Mr. Owens based on charges of other alleged misconduct. *See Initial Decision*, S.A. 9–12. However, the Board sustained his removal based on only the two mentioned charges. *Id.* at 3–18. We discuss only those two charges.

## DISCUSSION

We agree with the agency that Mr. Owens' appeal is untimely. Under 28 U.S.C. § 1295(a)(9), we have jurisdiction to hear "an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703(b)(1) and 7703(d) of title 5." Under 5 U.S.C. § 7703(b)(1)(A), "any petition for review shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." The Board issued its final order on February 26, 2025, *Final Order*, S.A. 40–41, and we received Mr. Owens' petition more than 60 days later, on April 29, 2025, S.A. 42.[4] Mr. Owens' petition was therefore untimely.

But our analysis does not end there. The Supreme Court has recently "held that § 7703(b)(1)'s deadline is non-jurisdictional" and therefore may be subject to equitable tolling. *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024). We do not decide now whether § 7703(b)(1) is in fact subject to equitable tolling; even if it is, Mr. Owens has made no showing that equitable tolling should apply in this case. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Therefore, even if equitable tolling can apply to § 7703(b)(1), Mr. Owens has not carried his burden to show that it should apply in his case.

---

[4]    Mr. Owens dated his petition to this court April 21, 2025. S.A. 42. But petitions for review are considered "filed" when received by the clerk of the court, not when dated by the petitioner. *Pinat v. Off. of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir. 1991); Fed. R. App. P. 25(a)(2)(A)(i) ("[F]iling is not timely unless the clerk receives the papers within the time fixed for filing.").

CONCLUSION

For the above reasons, we *dismiss* Mr. Owens' appeal as untimely.

**DISMISSED**

COSTS

No costs.